UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**VERMEER MANUFACTURING CO.,**

   Plaintiff,

v.                                         No. 4:24-cv-00799-P

**KUBOTA NORTH AMERICA CORP., ET AL.,**

   Defendants.

## OPINION & ORDER

Before the Court is Defendant Kubota North America Corporation's and Kubota Tractor Corporation's ("Kubota") Motion to Stay Pending IPRs and PGR ("Motion"). ECF No. 45. Having considered the Motion, relevant docket filings, and applicable law, the Court will **GRANT** the Motion.

## BACKGROUND

This case arises out of the alleged infringement of five different patents relating to skid steer machinery. *See generally* ECF No. 29. On August 20, 2024, Vermeer Manufacturing Company ("Vermeer") sued Kubota alleging infringement of the first three patents: the '386 patent, '750 patent, and '266 patent. ECF No. 1. On November 15, 2024, Kubota filed its First Set of Petitions for inter partes review ("IPR") of these three patents before the Patent Trials and Appeals Board ("Patent Board"). On December 4, 2024, Vermeer filed an amended complaint and added the fourth and fifth patents, the '891 patent and '063 patent. ECF No. 29. Kubota then filed its Second Set of Petitions for IPR on January 7, 2025, relating to the fourth and fifth patents.

The Patent Board must decide whether to institute IPR proceedings based on Kubota's First and Second Sets of Petitions. *See* 35 U.S.C. § 314(b). Pursuant to 35 U.S.C. § 314(b), the Patent Board is likely to make an institution decision on the First Set of Petitions by June 2025, with final written decisions regarding the validity of the challenged

claims on the first three patents by June 2026. *See id.* § 316(a)(11) (requiring that final written determination "be issued not later than 1 year after . . . institution . . . ."). For the Second Set of Petitions, the Patent Board will likely make an institution decision by July 2025, with final written decisions regarding the validity of the challenged claims on the fourth and fifth patents by July 2026. *See id.*

This case is currently scheduled for trial in May 2026. ECF No. 34. Given the likely timing of the Patent Board's decisions described above, Kubota filed this Motion on February 11, 2025, asking the Court to stay the case pending resolution of the IPR. The Court now addresses that Motion.

## LEGAL STANDARD

A district court has the inherent power to stay proceedings. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This includes a district court's discretion to determine whether to stay a case pending an IPR by the Patent Board. *See, e.g.*, *Summit 6 LLC v. HTC Corp.*, No. 7:14-cv-00014-O, 2015 WL 12763627, at *1 (N.D. Tex. May 8, 2015) (O'Connor, J.) (citation omitted). "The moving party bears the burden of showing that a stay is appropriate, and such showing must be based on more than the mere fact that a petition for inter partes review was filed." *Id.* at *2 (citation omitted).

## ANALYSIS

As a preliminary matter, Vermeer challenges Kubota's Motion as premature because the Patent Board has not yet granted institution on either Kubota's First or Second Set of Petitions. The Court will therefore begin with an analysis on the timeliness of Kubota's Motion. Finding that the Motion is timely, the Court will then analyze whether a stay is warranted pending review by the Patent Board.

### A. Timeliness of Kubota's Motion

The Patent board has not yet granted institution under 35 U.S.C. § 314(b) on either Kubota's First or Second Set of Petitions; Vermeer contends that, as a consequence, Kubota's Motion is premature. Section 314(b) states that, after an IPR is filed, "[t]he Director shall determine

2

whether to institute an inter partes review under this chapter pursuant to a petition filed under section 311 within 3 months" of a preliminary response to the IPR. 35 U.S.C. 314(b). Kubota concedes that, based on the timing of its filings with the Patent Board, institution decisions will likely not be made until June 2025 for the First Set of Petitions and July 2025 for the Second Set of Petitions.

Some Fifth Circuit courts have denied motions to stay before the Patent Board makes an institution decision. *See, e.g.*, *Freeny v. Apple Inc.*, No. 2:13-cv-00361-WCB, 2014 WL 3611948 (E.D. Tex. July 22, 2014) (Bryson, J.). The Eastern District of Texas, for example, finding that "the majority of courts . . . have denied stay requests when the . . . [Patent Board] has not yet acted on the petition for review[,]" denied a stay of the case in *Freeny*. *See id.* at *1. Another Eastern District of Texas court stated that, "[i]n this district, that is not just the majority rule; it is the universal practice." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047-WCB, 2015 WL 1069179, at *6 (E.D. Tex. Mar. 11, 2015) (Bryson, J.).

Indeed, this Court has followed the Eastern District of Texas principle of one of its previous cases. *See The Litebook Co., Ltd. v. Bombardier Aerospace Corp.*, No. 4:22-cv-0615-P, ECF No. 43 (N.D. Tex. Jan. 3, 2023) (Pittman, J.). When ruling on a motion to stay in the *Litebook* patent case, this Court denied the motion to stay because "the [Patent Board] had yet to initiate such review. *Id.* at 2.

Notwithstanding these prior cases, and unlike the "universal rule" found in the Eastern District of Texas, there is no set rule in the Northern District of Texas. In *Lexos Media IP LLC v. MSC Industrial Direct Co.*, Judge Brantley Starr wrote that "the practice" of denying a motion to stay before institution is granted "is not uniform." No. 3:22-cv-1736-X, 2023 WL 11967299, at *4 (N.D. Tex. Sept. 6, 2023) (Starr, J.). In *Lexos Media*, the court cited to various decisions by Chief Judge Godbey granting motions to stay prior to the Patent Board granting IPR. *Id.* at *4 n.38 (collecting cases).

This case also presents challenges not found in the *Litebook* case. *Litebook* involved a single IPR petition for one patent and no more than

3

nine claims. As stated above, this case involves five patents, and eighty claims for IPR. This case is not only much larger than the *Litebook* case, it is much larger than most patent cases that this Court sees on its docket. Thus, contrary to Vermeer's contention that this case presents an "identical motion"[1] to that in *Litebook*, this case is quite different.

Following other courts in this District, the Court finds that Kubota's Motion is timely "in light of all the circumstances unique to this case, not other cases." *Id.* at *4.

### B. Motion to Stay Factors

Having found that Kubota's Motion is timely, the Court now addresses whether a stay is warranted pending review by the Patent Board. Courts in this District evaluate three factors when considering a stay pending IPR or post-grant review by the Patent Board: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and the trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Id.* at *2. The Court will address each in turn.

#### 1. Undue Prejudice or Clear Tactical Disadvantage

Vermeer will not be unduly prejudiced or suffer a clear tactical disadvantage by a stay. "[A] delay caused by the *inter partes* review process, without more, does not justify denial of a stay." *Blephex LLC v. Pain Point Med. Sys.*, No. 3:16-cv-0410-N, 2016 WL 7839343, at *2 (N.D. Tex. Nov. 3, 2016).

There is no clear tactical disadvantage by ordering a stay. Vermeer contends that Kubota has already "refused to timely provide" answers to interrogatories and requests for production.[2] While the Court certainly does not encourage the unnecessary filing of discovery disputes, there have been no motions filed by either party to compel responses for discovery at this point. Likewise, the Court sees no evidence of gamesmanship or deliberate delay by Kubota as the Parties

---

[1] ECF No. 47, at 4.
[2] ECF No. 47, at 7.

4

have been actively engaged in filings with this Court and the Patent Board since the inception of this case.

The Court also fails to find undue prejudice merely based on Vermeer's assertion that the Parties are market competitors. Although "[c]ompetition between parties can weigh in favor of finding undue prejudice," Vermeer has yet to file for any injunctive relief. *Summit 6 LLC*, 2015 WL 12763627, at *4 (cleaned up). Courts have found that failing to file for injunctive relief, while simultaneously opposing a motion to stay on the basis that the parties are market competitors, may demonstrate the nonmovant "is not very concerned with delay in adjudicating its rights." *See Lexos Media*, 2023 WL 11967299, at *2; *Canon Inc. v. Avigilon USA Corp. Inc.*, No. 3:17-CV-2733-N, 2019 WL 13156692 (N.D. Tex. Jan. 3, 2019) (Godbey, J.) (refusing to find undue prejudice in part because plaintiff "ha[d] not moved for a preliminary injunction" despite plaintiff's argument that the parties were market competitors). The Court therefore finds that Vermeer's lack of filing for injunctive relief shows that Vermeer's market competition argument does not present a *clear* tactical disadvantage or undue prejudice. Thus, this factor weighs in favor of a stay.

2. <u>Simplification of Issues</u>

Next, and notwithstanding the fact that institution has not yet been granted by the Patent Board, it is likely that a stay will result in the simplification of issues before the Court. Simplification of issues "is the most important factor" for a motion to stay. *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). If the "[IPR] petitions address[] all asserted patent claims," then simplification is even more important. *See Lexos Media*, 2023 WL 11967299, at *3.

Simplification of the issues is highly likely here. As discussed above, this case is more complex than the average patent case. Kubota has filed for IPR on eighty different claims for the five patents at issue in Vermeer's Complaint. Based on statistics provided in the Parties' briefing,[3] institution on one or more of the asserted claims is likely. And

---

[3] *See* ECF No. 48, at 5 n. 6.

if the Patent Board invalidates one or more of the asserted claims on IPR, the case will be simplified. But even if the Patent Board denies institution on all of Kubota's petitions, "the Court would still receive the benefit of the [Patent Board's] opinion, including its initial claim construction and invalidity analysis." *Id.*

Vermeer's argument that Kubota's counterclaims cannot be resolved by the Patent Board, and therefore not all issues could be resolved on IPR, moves the target. The standard for simplification "focuses on the likelihood that issues in [the] case would be simplified"—not whether the entire matter will be resolved. *Id.*

As noted by the court in *Lexos Media*, this Court recognizes that this factor would weigh *more* strongly in favor of a stay if: (1) the Patent Board had already granted institution; and (2) the Patent Board had the potential of resolving the entire matter. Nonetheless, the fact that neither of those things are possible at this stage does not mean that simplification is not possible. The Court therefore finds that this factor weighs in favor of a stay.

3. <u>Discovery and Trial Date</u>

Finally, this case is still in its early stage. Trial is not scheduled for another fourteen months.[4] And while some discovery may have been exchanged, the "most significant and time-consuming tasks in patent infringement litigation have not begun." *Id.* at *5.

Indeed, the most intensive parts of the claim-construction process remain ahead. Vermeer argues that "[b]y the end of this Motion's briefing schedule the parties will have . . . initiated the claim construction process."[5] Kubota disputes this timeline. Even so, the Court, understanding the urgency of deciding this Motion, ordered an expedited reply from Kubota, thereby receiving the reply a week before it was supposed to have been filed.[6] Any briefing that has been done is therefore likely minimal. Additionally, no claim construction hearing has been conducted, no depositions have been taken, and the majority of

---

[4]*See* ECF No. 34.
[5]ECF No. 47, at 6.
[6]ECF No. 48.

6

discovery lays ahead of the Parties. Thus, like the other factors, this factor favors a stay.

## CONCLUSION

For the reasons above, the Court finds that the Motion should **GRANTED**. Accordingly, the Court **STAYS** this case. Upon final disposition of the pending petition for IPR, Vermeer may request the Court to lift the stay. Until then, it is **ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY CLOSE** this case and remove it from the statistical records until further notice.

**SO ORDERED** on this **19th day of March 2025.**

*[signature: Mark T. Pittman]*

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE